UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- against -<br><br>GUO LONG XU,<br><br>Defendant. | 09-CR-184<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On September 4, 2009, Guo Long Xu plead guilty to all counts of a four-count indictment. Count One charged that between March 2008 and March 2009 defendant, together with others, conspired to: (a) with the intent to defraud the United States, smuggle and clandestinely introduce merchandise into the United States which should have been invoiced, and make out and pass through the customhouse false and fraudulent invoices, and other documents and papers, in violation of 18 U.S.C. § 545; (b) fraudulently import and bring into the United States merchandise contrary to law, and receive and facilitate the transportation of merchandise after importation, knowing such merchandise to have been imported and brought into the United States contrary to law, in violation of 18 U.S.C. § 545; and (c) traffic and attempt to traffic in goods knowingly using a counterfeit mark on and in connection with such goods, and traffic and attempt to traffic in labels, boxes, containers, and packaging, knowing that a counterfeit mark had been applied thereto, the use of which was likely to cause confusion, to cause mistake, and to deceive, in violation of 18 U.S.C. § 2320(a); all in violation of 18 U.S.C. § 371.

Count Two charged that between March 2008 and March 2009 defendant, together with others, with the intent to defraud the United States smuggled and clandestinely introduced merchandise, and attempted to smuggle and clandestinely introduce merchandise, into the United States which should have been invoiced, and made out and passed through the customhouse false and fraudulent invoices, and other documents and papers, in violation of 18 U.S.C. § 545.

Count Three charged that between March 2008 and March 2009 defendant, together with others, fraudulently imported and brought into the United States merchandise contrary to law, and received and facilitated the transportation of merchandise after importation, knowing such

merchandise to have been imported and brought into the United States contrary to law, in violation of 18 U.S.C. § 545.

Count Four charged that between March 2008 and March 2009 defendant, together with others, trafficked and attempted to traffic in goods knowingly using a counterfeit mark on and in connection with such goods, and trafficked and attempted to traffic in labels, boxes, containers, and packaging, knowing that a counterfeit mark had been applied thereto, the use of which was likely to cause confusion, to cause mistake, and to deceive, in violation of 18 U.S.C. § 2320(a).

Xu was sentenced on March 16, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 25 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 57 and 71 months. The offense carried a maximum term of imprisonment of 5 years for Count One, 20 years for Counts Two and Three, and 10 years for Count Four. 18 U.S.C. §§ 371, 545, 2320(a). The guidelines range of fine was from $10,000 to $2,000,000. An order of restitution was mandatory. *See* 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1.

Xu was sentenced to one year and one day of incarceration and three years' supervised release. A $400 special assessment was imposed. Restitution was ordered in the amount of $10,000 owed to Louis Vuitton North America, Inc., a victim of the importation scheme in which defendant participated. Restitution shall be payable in the amount of $50 per month, paid to the Clerk of this court, beginning upon defendant's release from prison. No fines were

imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine. A separate order of forfeiture was issued.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). This was a serious commercial crime, involving the importation of vast quantities of counterfeit goods. While defendant's role was relatively minor, it was essential to the success of the scheme. Defendant is a good family man who has worked hard to keep his family together. His son is recovering from illness and surgery and will suffer in his absence. Because his wife is a Chinese asylee in this country, his wife and children will not be able to accompany him when, as is likely, he is deported to China upon his release from prison. A sentence of a year and a day reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in illegal importation of counterfeit goods will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's family and his employability. It is unlikely that he

will engage in further criminal activity in light of his likely deportation and his need to support his wife and children.

Jack B. Weinstein  
Senior United States District Judge

Dated: March 16, 2009  
       Brooklyn, New York